WILLIAM R. TAMAYO -- #084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
DAVID F. OFFEN-BROWN – #63321 (CA)
CINDY O'HARA -- #114555 (CA)
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California  94105
Telephone:    (415) 625-5653
Facsimile:     (415) 625-5657
cindy.ohara@eeoc.gov

Attorneys for Plaintiff EEOC

UNITED STATES DISTRICT COURT

EASTERN  DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**TRINITY PROTECTION SERVICES, INC.,**<br><br>Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>Civil Rights - Employment Discrimination<br><br>DEMAND FOR JURY TRIAL |

## NATURE OF THE ACTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 and pursuant to the Age Discrimination in Employment Act, to correct unlawful employment practices on the basis of sex, male, and age,  and to provide appropriate relief to William Clark who was adversely affected by such practices.  Defendant Trinity Protection Services, Inc. subjected Mr. Clark to unlawful discrimination based on his sex and age by discharging him from employment and failing to recall him, while recalling employees who were female and younger.

//

//

COMPLAINT                                                                                                                               Page 1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and by Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) ("ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. Venue is proper in the United States District Court for the Eastern District of California because the unlawful employment practices alleged herein were committed the State of California, in the County of Sacramento, California, within the jurisdiction of the United States District Court for the Eastern  District of California.

## INTRA DISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the Sacramento Division of this Court as the alleged unlawful practices were and are now being committed in Sacramento County, which is within the jurisdiction of the Sacramento Division.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, § 2000-e(f)(1) and (3); and is also charged with the administration, interpretation and enforcement of the ADEA, and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

5. Defendant Trinity Protection Services, Inc. ("Defendant" or "Defendant Trinity")  is a Maryland corporation, doing business in the State of California, and has continuously had at least 20 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000-e(b), (g) and (h); and within the meaning of Section 11(b), (g) and (h) of the ADEA, 29 U.S.C. § 630(b), (g) and (h).

7. More than thirty days prior to the institution of this lawsuit, Charging Party William Clark ("Charging Party") filed a charge with Plaintiff Commission alleging violations of Title VII and the ADEA by Defendant Trinity. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance through informal methods of conciliation, conference and persuasion within the meaning of Section 706(b) of Title VII and 29 U.S.C. § 2000e-5(b) and Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

## FIRST CLAIM FOR RELIEF

**Violation of Title VII of Civil Rights Act Based on Sex Discrimination**

9. Since at least at least on or about February 23, 2008, Defendant has engaged in unlawful practices of sex discrimination in violation § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by subjecting Charging Party to disparate treatment because of his sex, including but not limited to discharge from employment and failure to reinstate or rehire. On or about February 23, 2008, Charging Party engaged in an arms requalification test mandated by his employer to maintain employment as an armed security guard. Charging Party and six other employees, three men and three women, did not reach the qualifying score and all were discharged. However, while the men, including Charging Party, were told that they had to wait a minimum of six months to retake the requalification test, the three women were not required to wait six months, but instead were invited to take the requalification test prior to the expiration of the six month waiting period, and were reinstated to their positions.

COMPLAINT Page 3

1  10. The effect of the actions complained of in paragraph 9 above has been to
2 deprive Charging Party equal employment opportunities and otherwise adversely affect
3 his status as an employee because of sex.

4  11. The unlawful employment practices complained of in paragraph 9 above
5 were intentional.

6  12. The unlawful employment practices complained of in paragraph 9 above
7 were done with malice or with reckless indifference to the federally protected rights of
8 Charging Party.

## SECOND CLAIM FOR RELIEF

### Violation of the ADEA Based on Age Discrimination

11  13. Plaintiff Commission hereby incorporates the allegations of paragraphs 1
12 through 9 above as though fully set forth herein.

13  14. Since at least at least on or about February 23, 2008, Defendant has
14 engaged in unlawful practices in violation of in violation of Section 4(a) of the ADEA, 29
15 U.S.C. § 623(a) by subjecting Charging Party to disparate treatment because of his age,
16 including but not limited to discharge from employment and failure to reinstate or
17 rehire.  On or about February 23, 2008, Charging Party engaged in an arms
18 requalification test mandated by his employer to maintain employment as an armed
19 security guard.  As stated in paragraph 9 above, Charging Party and six other
20 employees, three men and three women, did not reach the qualifying score and all were
21 discharged.  However, while the men, including Charging Party, who ranged in age
22 from age 66 to age 73 were told that they had to wait a minimum of six months to retake
23 the requalification test, the three women, who were ages 28, 29 and 50, were not
24 required to wait six months, but instead were invited to take the requalification test
25 prior to the expiration of the six month waiting period, and were reinstated to their
26 positions.

27  15. The effect of the practices complained of in Paragraph 14 above has been
28 to deprive Charging Party of equal employment opportunities and otherwise adversely

1 affected his status as an employee because of his age.

2     16.    The unlawful employment practices complained of in Paragraph 14 above
3 were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

**PRAYER FOR RELIEF**

5     Wherefore, the Commission respectfully requests that this Court:

6     A.    Grant a permanent injunction enjoining Defendant, its officers, successors,
7 assigns, and all persons acting in concert or participation with Defendant,
8 from engaging in discrimination based on sex and age against its employees.

9     B.    Order Defendant to institute and carry out policies, practices, and
10 programs which prohibit sex and age discrimination, and which eradicate the effects of
11 its unlawful employment practices.

12     C.    Order Defendant to make whole Charging Party by providing appropriate
13 back pay and benefits with prejudgment interest, and other affirmative relief necessary
14 to eradicate the effects of their unlawful employment practices, including but not
15 limited to reinstatement to prior position and/or front pay and other appropriate relief
16 to be determined at trial.

17     D.    Order Defendants to make whole Charging Party by providing
18 compensation for past and future pecuniary losses resulting from the unlawful
19 employment practices complained of above, including but not limited to such out-of-
20 pocket expenses as medical care necessitated by Defendant's unlawful conduct, in
21 amounts to be determined at trial.

22     E.    Order Defendant to make whole Charging Party by providing
23 compensation for past and future nonpecuniary losses resulting from the unlawful
24 practices complained of above including, but not limited to emotional pain and
25 suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be
26 determined at trial.

27     F.    Order Defendant to pay Charging Party punitive damages for the
28 malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Order Defendant to pay Charging Party a sum equal to Charging Party's back wages and benefits, with prejudgment interest, as liquidated damages, in amounts to be determined at trial.

H.  Grant such further relief as the Court may deem just and proper in the public interest.

I.  Award the Commission its costs of this action.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial.

P. DAVID LOPEZ
General Counsel
JAMES L. LEE
Deputy General Counsel
GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, DC 20507

Dated: September 27, 2011        /S/ William R. Tamayo
                                 WILLIAM R. TAMAYO
                                 Regional Attorney

Dated: September 27, 2011        /S/ David F. Offen-Brown
                                 DAVID F. OFFEN-BROWN
                                 Supervisory Trial Attorney

Dated: September 27, 2011        /S/ Cindy O'Hara
                                 CINDY O'HARA
                                 Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105